# In the United States Court of Federal Claims

COOLERIDGE BELL BEY,

                    Plaintiff,

        v.                                              No. 26-cv-0057
                                                        (Filed:  March 9, 2026)
THE UNITED STATES,

                    Defendant.

## OPINION AND ORDER

On January 13, 2026, Plaintiff Cooleridge Bell Bey, proceeding pro se,[1] filed a Complaint seeking damages for a variety of alleged constitutional and statutory violations.  *See* Compl., ECF No. 1.  In the Complaint,[2] Mr. Bey alleges that various state or local defendants conspired to violate his civil and constitutional rights.  *See id.* at *3–4.  Although Mr. Bey's sprawling 55-page Complaint is difficult to parse, the underlying dispute appears to stem from a forcible entry and detainer action that occurred on June 4, 2024, in New York City.  *See id.* at *10–12.  Mr. Bey claims to be an "Original Indigenous Moorish-American," which allegedly means he is not subject to any U.S. laws.  *Id.* at *8.  Mr. Bey requests relief of $10 million in "Various divided forms Gold; Silver; Credit Line ;STOCKs [sic]" and a replacement apartment.  *Id.* at *54.  For the reasons stated below, the Court does not have jurisdiction to hear Mr. Bey's claims against state or local entities.  Accordingly, the Court must **DISMISS** the Complaint.

Pro se plaintiffs, such as Mr. Bey, are held to a less stringent standard than plaintiffs with attorney representation; however, "even pro se plaintiffs must persuade the court that jurisdictional requirements have been met."  *Hale v. United States*, 143 Fed. Cl. 180, 184 (2019).

---

[1] Mr. Bey contemporaneously filed an incomplete motion for leave to proceed *in forma pauperis* ("IFP").  *See* IFP App., ECF No. 4.  Although the second half of the standard IFP form is missing, a pro se plaintiff's burden of demonstrating an inability to pay under 28 U.S.C. § 1915(a)(1) "is not high."  *Fiebelkorn v. United States*, 77 Fed. Cl. 59, 62 (2007).  The pertinent question is whether "paying such fees would constitute a serious hardship on the plaintiff."  *Id.* Whether to grant IFP status "is left to the discretion of the presiding judge to determine, based on the financial information submitted."  *Allen v. United States*, No. 22-1789, 2023 WL 125248, at *1 (Fed. Cl. Jan. 6, 2023).  Mr. Bey states that he is currently homeless and unemployed.  Thus, based on the information contained in his filings, Mr. Bey is plainly eligible under 28 U.S.C. § 1915(a)(1), and his motion for leave to proceed IFP, ECF No. 4, will be **GRANTED**.

[2] Throughout, page citations to documents in the record refer to the document's original pagination, unless the page is designated with an asterisk (e.g., *1), in which case the reference is to the pagination assigned by PACER/ECF.

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Rules of the United States Court of Federal Claims ("RCFC") 12(h)(3); *see also* RCFC 12(b)(1) (dismissal for lack of subject matter jurisdiction); *Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004) ("Subject-matter jurisdiction may be challenged at any time by the parties or by the court *sua sponte*.").

The Court derives its power primarily from the Tucker Act, which states:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim *against the United States* founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases *not sounding in tort*.

28 U.S.C. § 1491(a)(1) (emphasis added).  The Tucker Act is "only a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages." *United States v. Testan*, 424 U.S. 392, 398 (1976).  Therefore, to establish that a case falls within this Court's limited jurisdiction, plaintiffs must base their claims on a contract or a substantive law that "can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained." *Doe v. United States*, 463 F.3d 1314, 1324 (Fed. Cir. 2006).  This is commonly referred to as a "money-mandating" statute.  *Id.*

The Court lacks subject matter jurisdiction over Mr. Bey's claims, which pertain entirely to the alleged acts of state, local, and private entities.  The Court's statutory authority is limited to claims against the federal government and does not extend to cases where the "relief sought is against others than the United States."  *United States v. Sherwood*, 312 U.S. 584, 588 (1941); *see also* 28 U.S.C. § 1491(a)(1).  Complaints naming "private parties, or local, county, or state agencies, rather than federal agencies," are outside of this Court's jurisdiction. *Moore v. Pub. Defs. Off.*, 76 Fed. Cl. 617, 620 (2007); *see also Curie v. United States*, 163 Fed. Cl. 791, 808–09 (2022) ("It is well established that [the Court of Federal Claims] lacks jurisdiction to hear claims against state, local officials, or private individuals or entities, who are not federal employees."). Although the standard pro se complaint form nominally identifies the United States as defendant, Mr. Bey additionally scribbled "Owners of LLC Subsidiaries" into the case caption.  *See* Compl. at *1.  In the attached explanation of his claims, Mr. Bey proceeds to list every intended defendant, including "The Owners of State of NEW YORK," the City of New York, several New York courts and judges, the owners of Savoy Apartments, and at least 18 other individuals, many of whom appear to be local police officers or court employees.  *Id.* at *3–4.  Mr. Bey does not identify the United States as a defendant, and every factual allegation—or at least those the Court can discern—focuses on the acts of non-federal entities in his New York eviction proceedings. *See generally* Compl. at *8–32.  Instead, the United States is only named in connection with vague, confusing, and conclusory statements, such as: "Due to having A business Certificate ; The U.S Service [sic] company runs a continuous Criminal enterprise" through "their political platform called Democracy."  *Id.* at *42.  Consequently, Mr. Bey's Complaint must be dismissed for lack of jurisdiction as he only asserts claims against state, local, and other non-federal entities.

2

Further, Mr. Bey does not assert any claims within the Court's jurisdiction. The Court has limited jurisdiction over claims against the United States stemming from contracts or certain money-mandating sources of law. *See* 28 U.S.C. § 1491(a)(1); *Testan*, 424 U.S. at 398. "[I]t is well settled that the Court of Federal Claims lacks jurisdiction over tort claims," including fraud or "claims involving civil rights violations." *Hale*, 143 Fed. Cl. at 186 (cleaned up). The Tucker Act likewise does not provide jurisdiction for claims based on the Due Process or Equal Protection clauses of the Fifth and Fourteenth Amendments as they do "not mandate payment of money by the government." *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995). Mr. Bey cites the Fifth Amendment's Due Process Clause, 42 U.S.C. § 1983, and several other irrelevant statutory and constitutional provisions. *See* Compl. at *1–2, *4. But Mr. Bey never identifies a contract or a valid money-mandating law. Indeed, Mr. Bey explicitly disclaims any contractual relationship "with the State of New York; or with any other segment of the United States of America." *Id.* at *47. Mr. Bey also repeatedly describes his Complaint as a "TORT" lawsuit. *See id.* at *4, *25, *54. Because he has not identified a "substantive right enforceable against the United States for money damages," *Testan*, 424 U.S. at 398, the Court lacks jurisdiction over Mr. Bey's claims for due process and civil rights violations.

In sum, while the Court recognizes Mr. Bey's frustrations with his eviction proceedings, it lacks authority to review this matter. Therefore, the Court must dismiss the Complaint for lack of subject matter jurisdiction pursuant to RCFC 12(b)(1) and 12(h)(3).[3]

## CONCLUSION

For the reasons set forth above, the Court does not have subject matter jurisdiction over Mr. Bey's claims, and they are subject to dismissal pursuant to RCFC 12(b)(1) and 12(h)(3). The Court hereby **GRANTS** Mr. Bey's motion to proceed IFP, ECF No. 4, and **DISMISSES** his Complaint, ECF No. 1, for lack of subject matter jurisdiction. The Clerk of Court shall enter **JUDGMENT** accordingly.

**IT IS SO ORDERED.**

_____
ROBIN M. MERIWEATHER
Judge

---

[3] The Court also has considered whether transfer of the action, as opposed to dismissal for lack of subject matter jurisdiction, would be "in the interest of justice." 28 U.S.C. § 1631. Mr. Bey is no stranger to IFP proceedings. *See, e.g.*, *Bey v. Ferdinand*, No. 1:24-CV-6684 (LLS), 2025 WL 1505041, at *7 (S.D.N.Y. May 21, 2025) (noting multiple prior lawsuits in New York). It appears many of the claims Mr. Bey rehashes now have previously been dismissed as frivolous by other federal courts. *See id.* (noting Mr. Bey's "pattern of bringing nonmeritorious litigation" regarding "the apartment at issue" in Savoy Park Apartments). Accordingly, the Court in its discretion does not find transfer to be "in the interest of justice."

3